AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Texas

United States Courts
Southern District of Texas
FILED
*February 28, 2025*
Nathan Ochsner, Clerk of Court

| United States of America | ) |
|---|---|
| v. | ) |
| Rosendo Fernando Madriz-Torres, aka Rosendo Madriz | ) Case No. **4:25-mj-0112** |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **February 26, 2025** in the county of **Harris** in the **Southern** District of **Texas**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326 (a) and (b) | Illegal re-entry into the United States after having previously been deported to Mexico, subsequent to having been convicted of a crime defined as a felony, without first applying for and obtaining permission from the Attorney General of the United States, or the Secretary for the Department of Homeland Security, for admission to the United States following deportation from the United States, in violation of Title 8, United States Code, Section(s) 1326(a) and (b). |

This criminal complaint is based on these facts:

See Attached Affidavit in support of the Criminal Complaint

☐ Continued on the attached sheet.

*Complainant's signature*

Terry Matthias, ICE Deportation Officer
*Printed name and title*

Sworn to me telephonically.

Date: 02/28/2025

*Judge's signature*

City and state: Houston, Texas

Richard W. Bennett, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Terry Matthias, being duly sworn by telephone, hereby depose and say:

(1)   I am a Deportation Officer with the United States Immigration and Customs Enforcement ("ICE") and have served in that capacity since June 24, 2007.  Prior to this assignment, I have held the following positions: Customs and Border Protection Officer and Immigration Enforcement Agent.  My law enforcement career began July 2006, as a Customs and Border Protection Officer.  I have over 18 years of immigration law enforcement experience.

(2)   On February 27, 2025, at approximately 0000 hrs., Rosendo Fernando Madriz-Torres, was detained by ICE.  The defendant also goes by the alias of Rosendo Madriz.

(3)   The Defendant's fingerprints have been taken and electronically submitted to various law enforcement databases.  According to the Integrated Automated Fingerprint Identification System (IAFIS), the Defendant is the same individual as the person referred to in this Affidavit as having been previously convicted and deported.

(4)   Based upon the information from ICE's records as described below, and my training and experience, I submit that there is probable cause to believe that the Defendant is in violation of 8 U.S.C. § 1326(a) and (b).

(5)   Element One:  The Defendant is a citizen and national of Mexico and not a native, citizen or national of the United States.

(6)   Element Two:  The Defendant has previously been deported or removed from the United States on the following occasion(s):

    a. May 03, 2021.
    b. January 23, 2018.
    c. May 16, 2014.

(7)   Element Three:  After deportation, the Defendant was subsequently found in the United States on February 26, 2025, in Harris County, Texas, which is within the Houston Division Southern District of Texas.  Additionally, I consulted with ICE's Law Enforcement Support Center ("LESC") to determine whether, in the past five years and after the Defendant's last deportation, the Defendant had been encountered by law enforcement prior to the date specified earlier in this paragraph.  On February 28, 2025, I observed that the Defendant was encountered 2 previous times in 2024 and was not prosecuted.

  (8) <u>Element Four</u>:  The Defendant did not have permission to reenter the United States. On February 28, 2025, I reviewed excerpts of the Alien T File associated with this Defendant and/or available database information.  I found no indication that the Defendant has ever received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to apply for admission to the United States following deportation from the United States.  I have requested certification of this fact from the Records Branch of the Immigration Service.

  (9) <u>Prior Criminal History / Gang Affiliation</u>.  The Defendant has the following prior criminal history and/or gang affiliation:

   a. On May 04, 2016, the Defendant, using the name of Rosendo Madriz-Torres was convicted in the 262nd District Court, Harris County, Texas for the offense of ROBBERY-THREATS and was sentenced to 3 years confinement. Case No. 140968601010.

   b. On January 21, 2010, the Defendant, using the name of Rosendo Madriz was convicted in the County Criminal at Law No. 1, Harris County, Texas for the offense of THEFT-$50-$500 and was sentenced to 9 MONTHS DEFERRED ADJUDICATION. Case No. 164650101010.

_____
Terry Matthias, Deportation Officer
United States Department of Homeland Security
U.S. Immigration & Customs Enforcement

Signed and sworn telephonically before me this 28th day of February 2025, and I find probable cause.

_____
Hon. Richard W. Bennett
United States Magistrate Judge
Southern District of Texas